# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH L. LEGGETT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:05-CV-1959-L |
| | § | |
| AMERICA'S SERVICING CO., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on May 30, 2007, Defendant MHI Partnership LTD's Motion to Compel Arbitration and Stay Proceedings has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

<u>Type of Case</u>: This is a breach of contract and wrongful foreclosure action brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. § 1701 et seq., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 et seq.

<u>Parties</u>: Plaintiff is a citizen of Texas. Defendant MHI Partnership, Ltd. ("MHI") is a homebuilder that constructs homes in the greater Austin, Dallas, Houston and San Antonio markets of Texas.

Statement of the Case: On November 21, 2002, Plaintiff and Defendant MHI entered into a Residential Earnest Money Contract ("Contract") for the purchase and sale of the real property and improvements commonly known as Lot 1, Block 1, Lowe's Farm, Phase 1, an Addition to the City of Mansfield, Tarrant County, Texas, more commonly known as 4122 Orchid Lane, Mansfield, Texas 76063 ("the Property").  (Def.  MHI's Mot.  to Compel Arbitration and Stay Proceedings 2.)  On November 27, 2002, Plaintiff executed a promissory note to Defendant Loan Partners Mortgage, Ltd.  ("Loan Partners") and a deed of trust securing such note to Ron Harpole, Trustee, which covered the aforementioned property.  (First Am. Compl.  5.)  Plaintiff alleges that documents provided by Defendant Loan Partners, including Good Faith Estimates ("GFEs") and a Truth-in-Lending Disclosure Statement and Settlement Agreement ("HUD-1"), failed in one or more material respects to disclose to Plaintiff the true nature and cost of the loan. (First Am. Compl.  5.)  Plaintiff further alleges that Defendant MHI, through its agent Amico Rizzuto, "created" the transaction between Defendant Loan Partners and Plaintiff by making "virtually all" contacts between the parties and by handling application and documentation paperwork on behalf of Defendant Loan Partners.  (First Am. Compl.  5-6.)

On October 4, 2005, Plaintiff filed her federal complaint which included a request for injunctive relief in the form of a temporary restraining order ("TRO") blocking any of the named Defendants from directing or assisting any trustee in conducting a foreclosure sale on the Property.  The court denied Plaintiff's ex parte request for a TRO on the same day.  Plaintiff filed a first amended complaint on March 27, 2007.  On April 20, 2007, Defendant MHI filed an answer which expressly reserved its right to arbitration and on May 29, 2007, Defendant MHI filed the motion presently at issue.  As of the filing of this report and recommendation, Plaintiff

has not filed a response.

<u>Findings and Conclusions</u>:  Defendant MHI argues that the judicial proceedings should be stayed and arbitration compelled because Plaintiff knowingly and voluntarily executed the contract on November 21, 2004, wherein she agreed to arbitrate all of the claims she now asserts against Defendant MHI.  The arbitration clause, provides as follows:

> [a]ny controversy arising out of or relating directly or indirectly to this Contract or the purchase, construction or repair of the home which is the subject of this Contract and/or the Property, including any and all Claims against Seller and/or Seller's agents, partners, shareholders, officers, directors and employees, shall be settled by arbitration under the Federal Arbitration Act...

> (Holan Aff. Ex.  1 at 5.)

The Federal Arbitration Act ("FAA") was enacted in 1925 with the intent to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts."  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 288-289, 122 S. Ct. 754, 761 (2002) (citation omitted).  The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

> 9 U.S.C. § 3.

The Act covers the contract at issue in this case, but governs only if the court determines that: (1) the parties agreed to arbitrate the dispute in question and (2) there exist no legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue.  *Tittle v. Enron*

*Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citations omitted). A court may find that parties agreed to arbitrate a dispute only where: (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of the agreement. *Am. Heritage Life Insurance Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (citation omitted). Where, as here, the contract contains an arbitration clause, there is a "presumption of arbitrability" such that "ambiguities ... [are] resolved in favor of arbitration. " *Tittle*, 463 F.3d at 418. Furthermore, the Fifth Circuit has held that where an arbitration clause is written in "broad" form, the parties to the contract "intended the clause to reach all aspects of the parties' relationship." *Neal v. Hardee's Food Systems, Inc*., 918 F.2d 34, 38 (5th Cir. 1990); *see also Ford Motor Co. v. Ables*, 207 Fed. Appx. 443, 446-447, 2006 WL 3431602, at *3 (5th Cir. 2006) ("An arbitration provision, such as the one here, that purports to cover all disputes 'related to' the contract or any resulting transaction or relationship is 'not limited to claims that literally 'arise under the contract.' Rather, '[w]ith such a broad arbitration clause, it is only necessary that the dispute 'touch' matters covered by the [contract] to be arbitrable'") (quoting *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067-68 (5th Cir. 1998)).

The undersigned finds that Plaintiff and Defendant MHI agreed to arbitrate all claims asserted by Plaintiff against Defendant MHI in this lawsuit. Defendant included a copy of the signed contract in its appendix. Clause 22 of the contract expressly provides for arbitration of "[a]ny controversy arising out of or relating directly or indirectly to this Contract or the purchase, construction or repair of the home which is the subject of this Contract and/or the Property, including any and all claims against Seller and/or Seller's agents, partners, shareholders, officers, directors and employees." Plaintiff's allegation against Defendant

MHI–namely that MHI, through its agent Amico Rizzuto, "created" the transaction between Defendant Loan Partners and Plaintiff and thus was party to the transaction–relates to the contract. Financing was expressly considered in the contract as it specifically states that it is "subject to Buyer approval of a loan." (Holan Aff. Ex. 1 at 3.)

Likewise, because Plaintiff failed to file a response, she has not met her burden to demonstrate the existence of legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue. Therefore, Defendant MHI's Motion to Compel Arbitration and Stay Proceedings should be granted.[1]

**RECOMMENDATION:**

---

[1] While an argument might be made that judicial proceedings related to Plaintiff's claims against some or all of the remaining defendants should also be stayed in favor of arbitration as the arbitration clause at issue refers to "all claims against Seller and/or Seller's agent's, *partners*, shareholders, officers, directors and employees," *see Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 342 (5th Cir. 2004), none of the remaining defendants has moved for such a stay. Therefore the undersigned's recommendation relates only to Plaintiff's claims against Defendant MHI.

For the forgoing reasons, it is recommended that the District Court enter its order GRANTING Defendant MHI's Motion to Compel Arbitration and Stay Proceedings. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 1st day of August, 2007.

Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.