IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEBORAH L. LEGGETT**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-1959-L** |
| | § | |
| **AMERICA'S SERVICING CO., et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants Wells Fargo Home Mortgage, Inc.'s, America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1, LLC's Motion for Ultimate Sanctions, filed October 17, 2008; (2) Report and Recommendation of the United States Magistrate Judge, filed November 24, 2008; and (3) Defendants Wells Fargo Home Mortgage, Inc.'s, America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1 LLC's Motion for Summary Judgment, filed November 11, 2008. After carefully considering the motions, report, briefs, record, and applicable law, the court **denies** Defendants Wells Fargo Home Mortgage, Inc.'s, America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1, LLC's Motion for Ultimate Sanctions and **grants** Defendants Wells Fargo Home Mortgage, Inc.'s, America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1 LLC's Motion for Summary Judgment with respect to all claims asserted by Plaintiff Deborah L. Leggett against them. The court **defers** ruling on SFJV 2004-1 LLC's Motion for Summary Judgment with respect to its counterclaim against Plaintiff Deborah L. Leggett.

**Memorandum Opinion and Order - Page 1**

I.   **Factual and Procedural Background**

Plaintiff Deborah L. Leggett ("Plaintiff" or "Leggett") filed her First Amended Complaint on March 27, 2007, alleging claims against Defendants America's Servicing Company; MHI Partnership, Ltd.; Loan Partners Mortgage, Ltd.; Wells Fargo Home Mortgage, Inc.; Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and assigns; Sterling Capital Mortgage Company; and SFJV 2004-1, LLC. Plaintiff's claims arise from a mortgage on property located at 4122 Orchid Lane, Mansfield, Texas, 76063. She brings the following claims: breach of contract, wrongful foreclosure, violation of the Federal Truth-in-Lending Act ("TILA"), violation of the Texas Deceptive Trade Practices Act ("DTPA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Texas Debt Collection Act ("TDCA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), and breach of fiduciary duty. She also seeks injunctive and declaratory relief, damages, attorney's fees and costs, and interest.

On August 22, 2007, the court stayed Plaintiff's claims against Defendant MHI Partnership, Ltd. and directed Plaintiff to arbitrate her claims against that Defendant. Subsequently, due to Plaintiff's failure to comply with the court's orders to file motions for default judgment against non-appearing Defendants, the court dismissed without prejudice Plaintiff's claims against Defendants Loan Partners Mortgage, Ltd. on August 1, 2008, and Sterling Capital Mortgage Company on September 4, 2008. The remaining Defendants, Americas Servicing Company, Wells Fargo Home Mortgage Inc., Mortgage Electronic Registration Systems Inc., and SFJV 2004-1 LLC (hereinafter, "Defendants") have now moved for sanctions against Plaintiff and for summary judgment.

## II. Motion for Sanctions

Defendants moved to dismiss Plaintiff's case against them due to her repeated failure to provide discovery, including her refusal to appear for her deposition and failure to provide answers to interrogatories. On November 24, 2008, United States Magistrate Judge Wm. F. Sanderson, Jr. filed his report on the motion and recommended that the court deny Defendants' motion. He noted that Plaintiff appeared for her deposition on October 22, 2008, and that she paid sanctions in the amount of $600 as ordered by him on September 30, 2008. On the same day he signed the report, the magistrate judge also ordered Plaintiff to pay an additional sanction of $600 for Defendants' reasonable attorney's fees and expenses for filing the motion for sanctions.

No objections to the magistrate judge's report were filed. Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that they are correct and therefore **accepts** the findings, conclusions and recommendation of the magistrate judge. Accordingly, the court **denies** Defendants Wells Fargo Home Mortgage, Inc.'s, America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1, LLC's Motion for Ultimate Sanctions.

## III. Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a

summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Plaintiff filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). It does, however, allow the court to accept as "undisputed" any evidence presented by Defendants that is not rebutted by Plaintiff with competent summary judgment evidence. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, there is testimony presented by way of Leggett's deposition excerpts that the court must consider because it is part of the record.

SFJV asks the court to grant judgment in its favor on its counterclaim against Leggett seeking the fair market rental value of the property from October 4, 2005 until July 23, 2008. Defendants also ask the court to dismiss Plaintiff's claims against them. The court has carefully reviewed Defendants' motion and evidence, Leggett's testimony, the record, and applicable law.

SFJV "seeks to recover the fair market rental value of Plaintiff's home since October 4, 2005 to the present, which is the time the Plaintiff has resided in the home since its foreclosure." Countercl. ¶ 5. No specific claim is pleaded or cited in the counterclaim or in SFJV's motion for summary judgment, and no legal basis, statute, or case law is cited by Defendant. SFJV has attached the affidavit of Brett Biskamp to support its claim for damages in the amount of $48,175. This

figure is based on a fair market rental value of $1375 for fifteen months (October 2005 through December 2006), and $1450 per month for nineteen months (January 2007 through July 2008).

While there are several possible theories of recovery SFJV is asserting, the court will not speculate as to the basis for Defendant's claim that it is entitled to past rent. Because SFJV has not advanced a theory of recovery, the court cannot determine whether all of the elements of such a claim have been met. Moreover, regardless of what theory of recovery SFJV is to assert, the court determines that SFJV's evidence of its damages is too conclusory. Biskamp states that he is a real estate appraiser and appraises residential properties to determine the fair market or fair market rental value. He did not inspect the interior of the property, and there is no indication of the condition of the home after the foreclosure while Plaintiff was residing there. The rents included in his affidavit are higher than the mortgage payment Plaintiff was paying, and the affidavit does not acknowledge or consider the downturn in the housing market over the past two years. To determine the fair market rental value of the property, specific comparable rental information should be provided. By way of example, there is no specific information on comparable rents in Plaintiff's neighborhood or similar residential areas to reflect what comparable homes were renting for at the time Plaintiff occupied the home after the foreclosure. The court is unwilling to rely on this "after the fact" conclusory evidence.

The court therefore determines that summary judgment on SFJV's counterclaim is inappropriate at this time; however, additional briefing and evidence could demonstrate that there is no genuine issue of material fact with respect to the claim and that summary judgment is appropriate. Accordingly, the court will allow SFJV the opportunity to provide a supplemental brief and additional evidence to explain precisely the basis of its claim and to provide additional evidence of its damages. SFJV may file a supplemental brief, not to exceed **seven pages**, and additional

evidence of damages no later than **January 8, 2009**. Plaintiff may respond by filing a brief, not to exceed **seven pages**, and evidence no later than **January 28, 2009**.

With respect to Plaintiff's claims against Defendants, the court determines that these claims should be dismissed as a matter of law. With respect to the breach of contract claim, Plaintiff has failed to establish the breach of any contract by Defendants. Plaintiff's claim for wrongful foreclosure fails because the evidence establishes that the foreclosure was proper. Plaintiff's DTPA claim fails because she is not a "consumer" within the meaning of the DTPA with respect to her purchase of the property. Her claims for violation of the FDCPA and TDCA fail because Wells Fargo is not a debt collector and there is no evidence that the foreclosure of the property was unlawful. Finally, Plaintiff's claims for violation of TILA and RESPA fail because they are barred by the applicable statutes of limitations. Accordingly, there is no genuine issue of material fact with respect to any of Plaintiff's claims, and Defendants are entitled to summary judgment on all of Plaintiff's claims against them.

## IV.  Conclusion

For the foregoing reasons, the court **denies** Defendants Wells Fargo Home Mortgage, Inc.'s, America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1, LLC's Motion for Ultimate Sanctions and **grants** Defendants Wells Fargo Home Mortgage, Inc.'s America's Servicing Company's, Mortgage Electronic Registration Systems, Inc.'s, and SFJV 2004-1 LLC's Motion for Summary Judgment with respect to all claims asserted by Plaintiff Deborah L. Leggett against them. The court **dismisses with prejudice** Plaintiff's claims against Defendants Wells Fargo Home Mortgage, Inc., America's Servicing Company, Mortgage Electronic Registration Systems, Inc., and SFJV 2004-1, LLC. The court will consider SFJV's motion for summary judgment on its counterclaim after it has received the supplemental briefs and evidence.

The only remaining claims are Plaintiff's claims against Defendant MHI Partnership, Ltd. On August 22, 2007, the court ordered Plaintiff and Defendant MHI to arbitrate Plaintiff's claims against that Defendant and stayed Plaintiff's claims against MHI. The court **vacates** its August 22, 2007 order to the extent that it stayed Plaintiff's claims against MHI rather than dismiss them. The court now determines that all issues in controversy between Plaintiff and MHI must be submitted to arbitration. As all of the claims between Plaintiff and MHI must be submitted to arbitration, there is no reason for the court to maintain jurisdiction over the claims between them. These claims should be, and are hereby, **dismissed with prejudice**. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

**It is so ordered** this 19th day of December, 2008.

Sam A. Lindsay
United States District Judge